UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA ) | 3:22-CR-218 (SVN) |
| ) | |
| v.                                            ) | |
| ) | |
| JAYVIAN RODRIGUEZ,           ) | |
| *Defendant*.                          ) | |
| ) | April 5, 2024 |

## RULING ON DEFENDANT'S MOTION FOR SENTENCE REDUCTION

Sarala V. Nagala, United States District Judge.

Defendant Jayvian Rodriguez, who was sentenced principally to 126 months' imprisonment following his guilty plea to an information charging him with possession with intent to distribute 400 grams or more of fentanyl and possession of ammunition by a felon, has moved to reduce his sentence 113 months' imprisonment under Amendment 821, Part A, to the United States Sentencing Guidelines. The Government opposes the motion.

For the reasons described below, the Court DENIES the motion and declines to reduce Mr. Rodriguez's sentence.

### I. BACKGROUND

On November 2, 2022, Mr. Rodriguez waived indictment and entered a guilty plea to a two-count information charging him with possession with intent to distribute 400 grams or more of fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(vi), and possession of ammunition by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). These charges were based on a search of the apartment where Mr. Rodriguez lived with his girlfriend and two toddlers, which resulted in discovery of—among other things—a "ghost gun," approximately 238 rounds of 9mm ammunition, 462.71 grams of fentanyl analogue, and 129.48 grams of fentanyl.

Presentence Report ("PSR") ¶¶ 10, 13. The parties' plea agreement had calculated Mr. Rodriguez's Guidelines range as follows:

> Counts One and Two are grouped pursuant to U.S.S.G. § 3D1.2(c), and Count One, which has the higher offense level, determines the offense level for the group, U.S.S.G. § 3D1.3(a).
>
> For Count One, the defendant's base offense level under U.S.S.G. § 2D1.1(a)(5) and (c)(5) is 30 (at least 400 grams but less than 1.2 kilograms of fentanyl). Two levels are added because a dangerous weapon (a firearm) was possessed. U.S.S.G. § 2D1.1(b)(1). Three levels are subtracted under U.S.S.G. § 3E1.1 for acceptance of responsibility, as noted above, resulting in a total offense level of 29.
>
> Based on an initial assessment, the parties agree that the defendant falls within Criminal History Category IV. . . .
>
> A total offense level 29, assuming a Criminal History Category IV, would result in a Guidelines range of 121 to 151 months of imprisonment (sentencing table), with a mandatory minimum of 10 years of imprisonment (21 U.S.C. § 841(b)(1)(A)), and a fine range of $30,000 to $10,000,000 (U.S.S.G. § 5E1.2(c); 21 U.S.C. § 841(b)(1)(A)). The defendant also is subject to a mandatory supervised release term of 5 years. U.S.S.G. § 5D1.2; 21 U.S.C. § 841(b)(1)(A).

The PSR calculated Mr. Rodriguez's base offense level as 32, based primarily on the converted drug weight of the fentanyl analogue found during the search. PSR ¶ 20. It then added two levels for possession of a dangerous weapon and subtracted three levels for acceptance of responsibility, resulting in a total offense level of 31. *Id.* ¶¶ 32–36. Like the parties, the PSR found that Mr. Rodriguez fell in Criminal History Category IV, with six criminal history points based on prior convictions and two criminal history points added because he committed the instant offense while serving a term of state probation, resulting in a total of eight criminal history points. *Id.* ¶¶ 42–44.

In its sentencing memorandum, the Government noted that the PSR's offense level calculation was correct, and that the plea agreement mistakenly did not account for the presence of the fentanyl analogue. Govt. Sent. Memo., ECF No. 44 at 5. The Government supported,

however, a "downward departure or variance to honor the calculation in the plea agreement." *Id.* at 6. Mr. Rodriguez also requested a downward departure or variance pursuant to *United States v. Fernandez*, 877 F.2d 1138, 1144 (2d Cir. 1989), to give effect to the plea agreement. Def. Sent. Memo., ECF No. 43 at 20.

At sentencing on April 5, 2023, the Court adopted the PSR's calculation of the Guidelines range, and then agreed to depart downward to the parties' agreed-upon range. *See* Statement of Reasons, ECF No. 51 at 1 (adopting PSR without change); *id.* at 2 (noting joint motion for a departure made by the parties to effectuate the plea agreement pursuant to *Fernandez*). As such, it calculated that the total offense level was 31, and that Mr. Rodriguez had eight criminal history points—two of which were "status points" based on Mr. Rodriguez's status of being on probation when he committed the present offense—and fell into Criminal History Category IV. It then departed downward by two levels, to a total offense level of 29, and applied a Guidelines range of 121 to 151 months' imprisonment, as proposed by the parties' plea agreement. *Id.*

The Court sentenced Mr. Rodriguez to a term of imprisonment of 126 months on count one and 120 months on count two, to run concurrently, for a total effective sentence of 126 months' imprisonment. Judgment, ECF No. 50. It also sentenced him to a term of supervised release of five years on count one and three years on count two, to run concurrently, for a total period of five years' supervised release. *Id.* In choosing this sentence, the Court emphasized the seriousness of the offense, including the quantity of fentanyl and Mr. Rodriguez's possession of a ghost gun, and the need to protect the public from future crimes Mr. Rodriguez might commit. ECF No. 51 at 4. The Court settled on a sentence near the bottom of the Guidelines range after the two-level *Fernandez* departure, given Mr. Rodriguez's difficult upbringing and the work he had done at the correctional facility during his pretrial incarceration. *Id.*

Mr. Rodriguez is currently serving his sentence. He initially filed a *pro se* motion to reduce his sentence based on Amendment 821 in November of 2023. ECF No. 52. Following the appointment of new counsel to represent him in connection with this motion, he has requested that the Court reduce his sentence to 113 months' imprisonment. ECF Nos. 66 & 66-1.

## II.     LEGAL STANDARD

On November 1, 2023, Amendment 821 to the United States Sentencing Guidelines went into effect and was made retroactive. Part A of Amendment 821 modified the calculation of "status points" added to a defendant's criminal history score under U.S.S.G. § 4A1.1. In its previous form, which applied at Mr. Rodriguez's sentencing, section 4A1.1(d) instructed as follows: "Add 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." Amendment 821 eliminated this subsection and replaced it with the following provision: "Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d) [of section 4A1.1], and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. § 4A1.1(e). The U.S. Sentencing Commission adopted this amendment because its empirical research suggested "that status points' ability to predict future recidivism—a core justification for their use—may be less than the original Commission may have expected." *Amendment to the Sentencing Guidelines*, U.S. Sentencing Commission (Aug. 31, 2023), at 3, *available at* https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/202308_RF-retro.pdf (last visited April 5, 2024). The Sentencing Commission made Amendment 821 explicitly retroactive. *See United States v. Laporta*, No. 21-cr-445 (MKB), 2024 WL 1348691, at *1 (E.D.N.Y. Mar. 29, 2024).

Title 18, United States Code, Section 3582(c)(2) provides that when a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Reductions are "therefore authorized only if they were consistent with the Sentencing Commissioner's policy statements—'namely [U.S.S.G.] § 1B1.10.'" *Laporta*, 2024 WL 1348691, at *1 (cleaned up) (quoting *Dillon v. United States*, 560 U.S. 817, 826 (2010)). Thus, the Court must engage in a "two-step inquiry," first determining whether a reduction is consistent with § 1B1.10 and, if it is, proceeding to determine whether the authorized reduction is warranted under section 3553(a). *Id.* Section 1B1.10(b)(2), in turn, provides that the Court "shall not reduce" a defendant's term of imprisonment "to a term that is less than the minimum of the amended guideline range," unless the Government had previously moved for a departure under the Guidelines based on the defendant's provision of substantial assistance to the authorities in the investigation or prosecution of another person. U.S.S.G. § 1B1.10(b)(2)(A) & (B).

Importantly, the "amended Guidelines range under § 1B1.10(b)(1) therefore does not incorporate any Guidelines 'departures'" except for a departure made on the basis of a defendant's substantial assistance to the government. *United States v. Steele*, 714 F.3d 751, 754–55 (2d Cir. 2013) (*per curiam*). "In other words, on resentencing pursuant to 18 U.S.C. § 3582(c), a defendant's reduced sentence generally may not fall below the *pre-departure* Guidelines range that would have been 'applicable' to him had he been sentenced after the relevant amendment to the Guidelines." *Id.* at 755 (emphasis in original); *see also* U.S.S.G. app. C, amend. 759 (2011) (defining "applicable guideline range" referred to in § 1B1.10 as the "guideline range determined

5

pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the *Guidelines Manual* or any variance"); *United States v. Montanez*, 717 F.3d 287, 292 (2d Cir. 2013) (*per curiam*) (recognizing that an "amended guideline range" which would have been applicable had the relevant amendments been in effect, "does not incorporate any departure a court previously granted").

### III. DISCUSSION

The Court concludes that, while Amendment 821 operates to reduce Mr. Rodriguez's Criminal History Category, the Court cannot grant his request for a sentence reduction because his sentence is already below the bottom of the amended Guidelines range.

First, the Court determines that, if Mr. Rodriguez were sentenced today, he would have only six criminal history points, as no "status points" would be added based on the fact that he committed the instant offense while on state probation. This, in turn, means his Criminal History Category would be reduced from IV to III.

His total offense level, however, remains the same: 31. While Mr. Rodriguez argues that the Court determined his offense level was 29, rather than 31, the Government is correct that this two-level reduction was adopted through a *Fernandez* departure, to give effect to the plea agreement's Guidelines calculations. As explained above, the "amended guideline range" for purposes of U.S.S.G. § 1B1.10(b)(2)(A) is the range that would have been applicable to him *before* any departures or variances were applied. *See Steele*, 714 F.3d at 755; *Montanez*, 717 F.3d at 292. With an offense level of 31 and a Criminal History Category III, the amended Guidelines range is 135 to 168 months' imprisonment. Because his sentence of 126 months' imprisonment falls below the bottom of that range, the Court cannot reduce his sentence any further, even were it inclined to do so. *See* U.S.S.G. § 1B1.10(b)(2)(A) (upon a section 3582(c) motion, the Court "shall not

reduce" a defendant's term of imprisonment to a term that is less than the minimum of the amended guideline range, absent an earlier-filed motion for a departure based on the defendant's substantial assistance to the Government).

## IV. CONCLUSION

For the reasons described in this ruling, Defendant's motion for a sentence reduction, ECF No. 52, is DENIED.

**SO ORDERED** at Hartford, Connecticut, this 5th day of April, 2024.

                                        */s/ Sarala V. Nagala*
                                        SARALA V. NAGALA
                                        UNITED STATES DISTRICT JUDGE